MARGARET E. HOYT, as Administratrix, etc., of HARRY F. HOYT, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

Second Department, January 5, 1917.

Railroads — negligence — death of bicyclist at grade crossing — failure of locomotive to whistle or ring bell — evidence — contributory negligence — attempt to cross in spite of warning by flagman — when obscurity of approaching train immaterial.

Action to recover for the death of the plaintiff's intestate, who, while riding his bicycle over a grade crossing, was killed by the defendant's express train, running at sixty miles an hour. It appeared that at the time of the accident the defendant's flagman was stationed at the crossing and was waving his flag. There was conflicting evidence as to whether or not the train gave warning of its approach by whistle, bell or otherwise, failure to give such warning being the item of negligence charged in the complaint. Evidence examined, and *held*, that a finding by the jury that warning of the approaching train was not given by bell or whistle was not against the evidence.

*Held*, however, that as the decedent was perfectly familiar with the location having passed over the crossing for many years, and as he continued to attempt to cross on his bicycle in spite of the fact that the flagman was waving his flag and had stopped other vehicles and pedestrians, he was guilty of contributory negligence which barred a recovery.

As the decedent had had proper warning from the flagman it was immaterial that there was a depression in the roadbed 200 feet distant from the crossing which might have obscured an approaching train.

APPEAL by the defendant, The Long Island Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 31st day of January, 1916, upon the verdict of a jury for $8,000, and also from an order entered in said clerk's

Second Department, January, 1917.     [Vol. 176.

office on the 16th day of February, 1916, denying its motion for a new trial made upon the minutes.

*Timothy M. Griffing,* for the appellant.

*Anthony J. Ernest,* for the respondent.

MILLS, J.:

This is an appeal by the defendant from a judgment entered in Suffolk county January 31, 1916, upon a verdict rendered at the Suffolk Trial Term in favor of the plaintiff for $8,000 in a negligence death case, and from an order made at said term denying defendant's motion upon the minutes for a new trial. The action was brought by the widow of the decedent, as administratrix, etc., upon the claim that the accident in which her husband was run over by one of defendant's trains at a highway crossing known as the Carlton avenue crossing near defendant's station at Central Islip, Long Island, on June 4, 1915, and killed, was caused by negligence of the defendant in failing to give warning by whistle or bell or otherwise, of the approach of said train.

The defendant's answer as to the allegations of negligence constituted a general denial, and further, as a separate defense, pleaded contributory negligence on the part of the decedent.

The location was established by undisputed evidence. The defendant's railroad, consisting of a single track, there ran in a general direction east and west, and the street at the crossing ran north and south. The train approached from the west at high speed, estimated at sixty miles an hour, and was not to stop at that station. The accident happened at about half-past four in the afternoon of a clear, bright day. The decedent approached the crossing from the south upon a bicycle and was struck by the train just as he was clearing the northerly rail of the track.

The learned counsel for the appellant contends that the evidence that the locomotive whistle was not blown as the train approached the crossing, or the bell rung, was insufficient to warrant the submission of such questions or issues to the jury, or at least so weak that the affirmative finding thereon, which the verdict imports, should be held here to have been against

the weight of the evidence.  The point of his such contention is that the testimony of the plaintiff's witnesses upon those issues was entirely negative and not such as, within several decisions of the appellate courts, to constitute substantial proof.

I do not think that this claim is well made.  Several of the witnesses were approaching the crossing and, although they were not listening for the bell or whistle, yet they saw the flagman standing upon the crossing waving his flag, and I think that the jury might well have found that they were so intent upon the general situation that they would have heard a whistle or bell sound if the thing had happened.

The difficulty in the case, to my mind, is presented by the other contention of appellant's counsel, which is to the effect that the evidence established clearly that the decedent was guilty of contributory negligence in that it showed beyond any question that when the decedent was approaching the crossing the flagman was standing upon it, at first upon the track itself, about the center, and then a few feet to one side or the other, waving his flag, and that nevertheless the decedent, apparently disregarding entirely the flagman's presence and actions, attempted to pass over the track.  The evidence did show, without any dispute or possibility of different interpretations, that the flagman was in that position, and that he actually stopped some boys on a bicycle approaching from the north, and also a wagon and automobile approaching from the south.  The plaintiff's witnesses had him a little on the north side of the track just before the train passed, while defendant's witnesses, several of whom (at least five) appear to have been disinterested, testified that he was then on the south side waving his flag.  The man who was driving the wagon, which the flagman stopped some forty feet south of the crossing, testified to that effect.

The deceased was a man fifty-five years of age, apparently in the full possession of his faculties.  He had for many years lived on the north side of the crossing, about 1,000 feet from it to the west, and must have passed over the crossing at least twice a day in going to and from his work for a long time.  The flagman had been there performing such work for at least fourteen months.  The decedent must have been entirely famil-

iar with the crossing and the fact that the flagman was there and his usual conduct. The track to the west was straight for a long distance from the crossing, but there was evidence for the plaintiff tending to show that one approaching the crossing from the south could not see west along the track until he was quite close to the track, but, in view of the evidence as to the position of the flagman, I do not consider that fact of much importance. At least, it made a situation well known to the decedent, which rendered it necessary for him to be on the lookout for the presence and actions of the flagman. The evidence seems to me a demonstration that the decedent immediately approached the track with the flagman practically at the center of the crossing, either upon the track itself or a very few feet to one side or the other of it, waving his flag and warning people to keep back off of the track, and that, in utter disregard of those appearances, the decedent took the chance of getting over the track with his bicycle before the train came.

Even if it be true, as claimed by one of the witnesses for the plaintiff, that at one point, apparently some 200 feet to the west of the crossing, the track dipped into a hollow so that the approaching train there might be largely obscured from view from the crossing, yet I think that the circumstances did not warrant the decedent, in the exercise of ordinary care, in disregarding, as apparently he did utterly, the warning being given in his immediate sight and hearing by the flagman. The fair inference from the evidence is that as the flagman turned to especially warn back the boys on the north side, the decedent passed behind him, or partially so, to the east, and necessarily within a very few feet of him. The evidence does not indicate that there was anything else upon or quite near the crossing to distract the decedent's attention from the flagman.

The learned trial court charged the jury that they must render a verdict for the defendant if the evidence established that the flagman was at the crossing, waving his flag, a reasonable time before the accident occurred. As the evidence established that fact beyond any possible question, it is apparent that the verdict was contrary to the law of the charge.

I recommend, therefore, that the judgment and order be reversed, with costs, and the complaint dismissed, with costs.

JENKS, P. J., THOMAS and PUTNAM, JJ., concurred; CARR, J., not voting.

Judgment and order reversed, with costs, and complaint dismissed, with costs.